**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Shenzhen Bolong Technology Co., Ltd. d/b/a Bolong, | |
| Plaintiff, | |
| v. | Case No. 25-cv-12215 |
| Dongguan Zhirong Electronic Technology Co., Ltd. et al, | |
| Defendants. | |

**<u>COMPLAINT</u>**

Plaintiff, Shenzhen Bolong Technology Co., Ltd. d/b/a Bolong ("Plaintiff" or "Bolong"), by and through their attorneys, ARONBERG GOLDGEHN DAVIS & GARMISA, hereby bring the present action against 1) Dongguan Zhirong Electronic Technology Co., Ltd.; 2) Shenzhen Xiaoguozi Trading Co., Ltd.; 3) CH23 LLC; 4) HK TIEMA TECHNOLOGY LIMITED; 5) Guangzhou Luying Information Technology Co., Ltd.; 6) Shenzhen Tongda Yi Technology Co., Ltd. (collectively referred to as "Defendants") and state as follows.

**I.     JURISDICTION AND VENUE**

1.   The Plaintiff brings this action under 35 U.S.C. § 101 *et seq*. to obtain a judgment of infringement with respect to U.S. Patent No. D964,636 S (the " '636 patent") (Exhibit 7).

2.   Exhibit 7 is a true and correct copy of the '636 patent.

3.   Exhibit 8 is a true and correct copy of the file history of the '636 patent.

4.   This Court has original subject matter jurisdiction over the patent-related claim pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

5.   On information and belief, Defendants reside and/or operate in the People's Republic of China.

6.   This Court has personal jurisdiction over Defendants because Defendants transacted business relative to the claims made within the State of Illinois because Defendants purposefully availed themselves of the benefits and privileges of conducting business activities within the State of Illinois.

7.   More specifically, Defendants use online retail accounts to advertise and offer infringing products for sale in Illinois and to Illinois residents and have sold such products to one or more customers within this District.

8.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

9.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are foreign defendants and are subject to this Court's personal jurisdiction as alleged above or under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in this jurisdiction.

## II.    PARTIES

10. Plaintiff, Shenzhen Bolong Technology Co., Ltd., is a Chinese high tech lighting manufacturer that specializes in projector and laser lighting display products.

11. Plaintiff maintains a principal business address at: Room 415, 4th Floor, Building A, Youth Pioneer Park, Jianshe East Road, Tsinghua Community, Longhua Street, Longhua District, Shenzhen, China.

12. The Defendants are a group of the following foreign companies that sell products in the United States through e-commerce platforms such as Amazon, Temu and AliExpress.

2

13. Defendants are a group of sellers that sell Galaxy Projectors (the "Infringing Products"):

    a.   Defendant name: Dongguan Zhirong Electronic Technology Co., Ltd.

        i.   Store Name: Kzeipio

        ii.   Ecommerce Platform: Amazon

        iii.   Address: Room 108, No. 3 South 5th Street Xiangmang West Road, Qingxi Town, Dongguan, Guangdong, 523658, CN.

        iv.   Name of Product at Issue: Planetarium Galaxy Projector, 13 in 1 Star Projector Realistic Starry Sky Night Light, Milky Way Projector with Timer, Galaxy Lamp Room Decor for Kids, Home Theater, Ceiling, Living Room

        v.   Product ASIN or Product ID: B0DNXMD8D5

    b.   Defendant name: Shenzhen Xiaoguozi Trading Co., Ltd.

        i.   Store Name: Homieka

        ii.   Ecommerce Platform: Temu

        iii.   Address: Room 806, Building 109, Entrepreneurship Garden, Beizhan Community, Minzhi Street, Longhua District, Shenzhen Longhua District 570145 Guangdong Province, Shenzhen China

        iv.   Name of Product at Issue: Galaxy Projector, 13 in 1 Planetarium Star Projector Realistic Starry Sky Night Light with Solar System Constellation Moon for Kids Adults Bedroom Ceiling Home Theater Living Room Decor, Christmas Gift

     v.   Product ASIN or Product ID: 601099709268290

c. Defendant name: CH23 LLC

     i.   Store Name: CH23 LLC

     ii.   Ecommerce Platform: Temu

     iii.   Address: 5231 SW 149TH AVE Miramar Florida 33027 United States

     iv.   Name of Product at Issue: 12-in-1 Planetarium Projector - Rotating Starry Sky Night Light w/ NASA-Grade Nebula Films, Solar System & Galaxy Projections, Remote Control (360° Rotation)

     v.   Product ASIN or Product ID: 602264454459121

d. Defendant name: HK TIEMA TECHNOLOGY LIMITED

     i.   Store Name: Enjoy Speed

     ii.   Ecommerce Platform: Temu

     iii.   Address: Office No.12 On 19 Floor, Ho King Comm Centre, No.2-16 Fa Yuen Street, Mong Kok, Hong Kong, Yau Tsim Mong District 999077 Hong Kong Special Administrative Region, Kowloon China

     iv.   Name of Product at Issue: Starry Sky Projector Light

     v.   Product ASIN or Product ID: 601102342061513

e. Defendant name: Guangzhou Luying Information Technology Co., Ltd.

     i.   Store Name: Luying Information Technology Store

     ii.   Ecommerce Platform: AliExpress

      iii. Address: CN, No. N736, Floor 3, Xingguang Yingjing, 117 Shuiyin Road, Yuexiu District, Guangzhou City, Guangdong Province, 440104

      iv. Name of Product at Issue: LED Galaxy Projector Starry Night Light Moon Star Sky Nebula Projection Lamp NEW

      v. Product ASIN or Product ID: 1005008424145164

  f. Defendant name: Shenzhen Tongda Yi Technology Co., Ltd.

      i. Store Name: Tongdaytech Led Light Store

      ii. Ecommerce Platform: AliExpress

      iii. Address: CN, Guangdong Province, Shenzhen City, Futian District, Huaqiang North Street, Huahang Community Huaqiang North Road 1005.1007.1015, Huaqiang Electronics World Building 2, Floor 5, Q5B361, 440304

      iv. Name of Product at Issue: Night Light Star Projector Galaxy Light 12 in 1 Planetarium 360° Rotating Aurora Night Lamp For Room Decorative Children Gift

      v. Product ASIN or Product ID: 1005008935613857

14. On Information and belief, the address listed for CH23 LLC of 5231 SW 149TH AVE Miramar Florida 33027 United States is not an accurate business address, but instead a cover address for Chinese business operations.

## III.   FACTS PERTAINING TO ALL CLAIMS

15. Plaintiff, Bolong, is the owner and applicant of the '636 patent.

16. Bolong is a company that specializes in manufacturing laser and LED semiconductor products.

17. Bolong invests heavily in research and development to deliver high-caliber visual products such as high-definition projectors.

18. Bolong is the owner of multiple visual display technology patents.

19. Bolong takes substantial measures to protect its interests in their patent rights. Therefore, only Bolong and Bolong's licensees and/or individuals or businesses it expressly authorizes are entitled to manufacture, import, export, advertise, offer for sale, derive from, or sell any goods using the design claimed in the '636 patent.

20. Bolong has not licensed or authorized any Defendant to manufacture, import, export, advertise, offer for sale, derive from, or sell any goods using the design claimed in the '636 patent.

21. Figure 1 depicts the design claimed in Plaintiff's '636 patent:



**Figure 1**: FIG.1 of the '636 patent

22. A side-by-side comparison of the design claimed in the '636 patent and the Infringing Products demonstrated that Defendants' Infringing Products are effectively identical, aesthetically, to the design claimed in the '636 patent.

23. The Homieka Product is exemplary of all the infringing products.

24. A comparison of the Homieka product and the '636 patent is below:



FIG. 1

FIG. 2

FIG. 3



FIG. 4

FIG. 5

FIG. 6



25. Defendants' infringement on the '636 patent in the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products was willful.

26. Defendants' infringement on the '636 patent in connection with the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products is irreparably harming Plaintiff.

27. Exhibit 1 is a confirmed order for the sale of an accused product by Kzeipio to ship to Chicago Illinois.

28. Exhibit 2 is a confirmed order for the sale of an accused product by Homieka to ship to Chicago Illinois.

29. Exhibit 3 is a confirmed order for the sale of an accused product by EnjoySpeed to ship to Chicago Illinois.

30. Exhibit 4 is a confirmed order for the sale of an accused product by CH23 LLC to ship to Chicago Illinois.

31. Exhibit 5 is a confirmed order for the sale of an accused product by Luying to ship to Chicago Illinois.

32. Exhibit 6 is a confirmed order for the sale of an accused product by Tongdaytech to ship to Chicago Illinois.

## COUNT 1
## INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D964,636 S
## (35 U.S.C. §271)

33. Bolong hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

34. Given that Defendants' Infringing Products are identical to the design claimed in the '636 patent, Defendants' Infringing Products infringe the '636 patent.

35. Additionally, or in the alternative, Defendants' Infringing Products are confusingly similar to the design of the '636 patent such that an ordinary observer would confuse one believing it to be the other.

36. Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products that infringe on the ornamental design claimed in the '636 patent.

37. Defendants have infringed on the '636 patent through the aforesaid acts and will continue to do so unless they are enjoined by this Court.

38. Defendant's wrongful conduct caused Bolong to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention.

39. Bolong is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

40. Bolong is entitled to recover damages adequate to compensate for the infringement, including Defendnats' profits pursuant to 35 U.S.C. §289. Bolong is also entitled to recover any other damages as appropriate pursuant to 35 U.S.C. §284.

### PRAYER FOR RELIEF

WHEREFORE, Bolong respectfully requests the entry of judgment against Defendants as follows:

1) An order declaring that Defendants have infringed the '636 patent and that such infringement was willful;

2) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates and all persons acting for, with, by, through, under or in active concert with them be temporarily, and permanently enjoined and restrained from:

    a. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products;

    b. aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products; and

    c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) and (b);

3) Entry of an Order, upon Bolong's request, those with notice of the injunction, including without limitation, any online marketplace platforms such as Temu, Amazon and AliExpress (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of the Infringing Products;

4) That Bolong be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Bolong for Defendants' infringement of the '636 patent, but in no event less than a reasonable royalty for the use made of the design by the Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284;

5) That the amount of damages awarded to Bolong to compensate Bolong for infringement of the '636 patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

6) In the alternative, that Bolong be awarded all profits realized by Defendants from Defendants' infringement of the '636 patent, pursuant to by 35 U.S.C. § 289;

7) That Bolong be awarded its reasonable attorneys' fees and costs; and

8) Award any and all other relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.


Dated: October 6, 2025                    Respectfully submitted,

<u>/s/ Matthew De Preter</u>
Matthew De Preter
ARONBERG GOLDGEHN DAVIS &
GARMISA
225 W. Washington St. Suite 2800
Chicago, IL 60606
312-755-3139
***One of the Attorney for Plaintiff***